**MALBCO HOLDINGS, LLC, individually and as assignee of Centennial Inn–Vestments, LLC, Plaintiff,**

v.

**AMCO INSURANCE COMPANY, a foreign insurance company, and Wausau Business Insurance Company, a foreign insurance company, Defendants.**

**No. CV–07–389–RHW.**

United States District Court,
E.D. Washington.

March 11, 2008.

Bryce James Wilcox, Lukins & Annis PS, Spokane, WA, for Plaintiff.

Michael Simpson Rogers, Reed McClure, Maria E. Sotirhos, Scott Michael Stickney, Wilson Smith Cochran Dickerson, Seattle, WA, for Defendants.

## ORDER DENYING MOTION TO AMEND COMPLAINT

ROBERT H. WHALEY, Chief Judge.

Before the Court is Plaintiff's Motion to Amend Complaint (Ct. Rec. 13). This motion was heard without oral argument. The Court previously entered an order denying this motion, but it struck that order to permit time to consider Plaintiff's reply. Having considered Plaintiff's reply memorandum, the Court has determined denial of the motion to amend is still appropriate.

Plaintiff asks for leave to amend its complaint to add a new cause of action under Revised Code of Washington § 48.30.015, a law which was amended after Plaintiff filed its original complaint. Defendants maintain the Court should deny Plaintiff's motion to amend because it would be futile. Defendants state that the new cause of action cannot apply in this case because the statute upon which it is based became effective after the insurance claim that forms the basis for this suit was concluded, and in fact after this matter was filed. In the alternative, Defendants argue for denial of the motion to amend because Plaintiff has failed to satisfy the condition precedent of sending a 20–day notice setting forth the basis for the cause of action which the statute requires.

## I. Relevant Facts

Defendants insist the Court should deny Plaintiff's motion to amend because the proposed amendment would be futile. To determine whether amendment would be futile, the Court must refer to the facts underlying this matter, as alleged in the Complaint and other documents, that are relevant to the pending motion.

Plaintiff alleges its predecessor in interest, Centennial Inn–Vestments, Inc., and/or the corporation holding its management contract, Hospitality Associates, Inc., acquired insurance policies from Defendants in 2000 and 2003 for a La Quinta Hotel located in Oregon. Plaintiff Malbco purchased the Hotel from Centennial in 2005. In the purchase agreement, Plaintiff and Centennial recognized that the Hotel had sustained water damage, but that the extent of the damage was not presently known. Plaintiff also engaged the services of Hospitality for the management of the hotel, and Hospitality renewed the insurance contract with Defendant AMCO in August 2005.

Centennial investigated water damage to the Hotel in early 2004, and it submitted a claim for the damage to both Defendants that same year. Defendants both denied the initial claims. In December 2005, Plaintiff hired a contractor to perform emergency shoring on the Hotel because it had begun to collapse from the water damage. In light of the newly-discovered collapse, Plaintiff re-tendered the claims for the water damage in June 2006. Defen-

dants again both denied coverage in March and September 2007. Plaintiff filed this matter on October 24, 2007.

The Washington State legislature passed the Insurance Fair Conduct Act ("IFCA") and referred it for a vote of the people as Referendum 67 in 2007. Voters approved Referendum 67 on November 7, 2007. The IFCA became law thirty days later on December 6, 2007. Wash. Const., art. 2, § 1(d). The IFCA, codified at Revised Code of Washington § 48.30.015, creates a new cause of action against insurance companies for unreasonably denying claims by insureds for coverage or benefits, and provides for the award of treble damages and attorney's fees.[1] RCW § 48.30.015. Plaintiff now seeks to amend its complaint to add a cause of action under the IFCA.

## II. Analysis

After responsive pleadings are served, a party may only amend its complaint after obtaining leave of the Court or consent from the adverse party. Fed.R.Civ.P. 15(a). Federal Rule of Civil Procedure 15(a) provides that a trial court shall grant leave to amend a pleading freely "when justice so requires." *Id.*; *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir.2000) (*en banc*). "The Supreme Court has stated that 'this mandate is to be heeded[;]'" *Lopez*, 203 F.3d at 1130 (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)); and the Ninth Circuit has explained that this policy "is to be

applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir.2003).

The Supreme Court offered the following factors to consider when determining whether to grant leave to amend a complaint:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman*, 371 U.S. at 182, 83 S.Ct. 227. The factor of prejudice to the opposing party carries the greatest weight. *Eminence Capital*, 316 F.3d at 1052. "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original).

Although each Defendant puts forth its own separate reasons for denying this motion, their main argument is that Plaintiff's proposed amendment would be futile. Defendants argue the proposed amendment would be futile because the IFCA applies prospectively only, and Plaintiff's claims were tendered and denied, and this suit

---

**1.** The statute in relevant part states the following:

(1) Any first party claimant to a policy of insurance who is unreasonably denied a claim for coverage or payment of benefits by an insurer may bring an action in the superior court of this state to recover the actual damages sustained, together with the costs of the action, including reasonable attorneys' fees and litigation costs, as set forth in subsection (3) of this section.

(2) The superior court may, after finding that an insurer has acted unreasonably in

denying a claim for coverage or payment of benefits ..., increase the total award of damages to an amount not to exceed three times the actual damages.

(3) The superior court shall, after a finding of unreasonable denial of a claim for coverage or payment of benefits ..., award reasonable attorneys' fees and actual and statutory litigation costs, including expert witness fees, to the first party claimant of an insurance contract who is the prevailing party in such an action.

RCW § 48.30.015.

was filed, before the IFCA became law. Plaintiff in its reply argues that a proposed amended complaint is not futile if it would survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, even if it might not survive a motion for summary judgment.

■■■ Washington statutes are presumed to have only prospective application " 'unless the Legislature indicates that it is to operate retroactively.' " *Densley v. Dep't of Retirement Systems*, 162 Wash.2d 210, 223, 173 P.3d 885 (2007) (citation omitted). "This presumption can only 'be overcome if (1) the Legislature explicitly provides for retroactivity, (2) the amendment is "curative," or (3) the statute is "remedial." ' " *Id.* (internal citations omitted).

■ It is apparent from the language of the IFCA that the Legislature did not provide for retroactivity, it is not curative, and it is not remedial. The Washington Legislature has not expressed an intent to apply the IFCA retroactively, and indeed the statute is worded in present and future tenses. *See Adcox v. Children's Orthopedic Hosp. & Med. Ctr.*, 123 Wash.2d 15, 30, 864 P.2d 921 (1993) ("The presumption in favor of prospectivity is strengthened when the Legislature, as here, uses only present and future tenses in drafting the statute."). Neither is the IFCA curative, for it creates an altogether new cause of action and does not clarify or correct a previous statutory ambiguity. *See 1000 Virginia Ltd. P'ship v. Vertecs Corp.*, 158 Wash.2d 566, 584, 146 P.3d 423 (2006). Last, the IFCA does not have a remedial purpose, for it concerns more than "practice, procedures and remedies ... [that are] 'prescribed by law to enforce a right.' " *State v. McClendon*, 131 Wash.2d 853, 862, 935 P.2d 1334 (1997) (citation omitted).

Plaintiff's argument under Rule 12(b)(6) is unavailing because it relies on the outdated "no set of facts" standard for a 12(b)(6) motion to dismiss. The 12(b)(6) standard has recently been re-stated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*. That case involved anti-trust claims, and the Court updated the old standard for 12(b)(6) motions established in *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) ("that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."). *Bell Atlantic Corp. v. Twombly*, —— U.S. ——, 127 S.Ct. 1955, 1967–69, 167 L.Ed.2d 929 (2007). In *Bell Atlantic*, the Supreme Court was concerned that *Conley's* standard could lead to unnecessary and expensive pretrial discovery just to demonstrate the groundlessness of the plaintiff's case in complex anti-trust litigation. *Id.* The Court held that a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

"[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1969. The factual allegations must be enough to raise a right to relief above the speculative level. *Id.* at 1965. Here, Plaintiff's proposed amendment would not survive a motion to dismiss, for it is clear from the facts alleged in the Complaint that Plaintiff's alleged right to relief under RCW § 48.30.015 is well below the "speculative level."

■ The damages to Plaintiff's property, Plaintiff's initial claims for those damages, and Defendants' denial of coverage all clearly occurred well before the enactment of the IFCA. The statutory language shows that the "precipitating event" that gives rise to the application of the IFCA is the unreasonable denial of a claim for coverage. *See* RCW § 48.30.015(1). "A stat-

ute operates prospectively when the precipitating event for its application occurs after the effective date of the statute." *State v. T.K.,* 139 Wash.2d 320, 329, 987 P.2d 63 (1999) (citing *Aetna Life Ins. Co. v. Washington Life & Disability Ins. Guar. Ass'n,* 83 Wash.2d 523, 535, 520 P.2d 162 (1974)). Therefore, Plaintiff's and Defendants' pre-IFCA enactment conduct cannot form the basis of a present and/or continuing IFCA violation. The Court does not accept Plaintiff's argument that its re-submission of its claims and subsequent wrongful denial of coverage after the IFCA was approved and enacted is a new or continuing violation. To permit a party to proceed on this basis would allow an end run around the Legislature's intent.

Therefore, the Court concludes the IFCA does not apply retroactively and any amendment to add a claim under the IFCA to the Complaint in this matter would be futile. *Accord HSS Enters., LLC v. AMCO Ins. Co.,* 2008 WL 312695, at *3–*4 (W.D.Wash. Feb. 1, 2008).

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion for Leave to Amend Complaint (Ct. Rec. 13) is **DENIED.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.