**NAVIGATORS SPECIALTY INSURANCE CO.,**
Plaintiff,

v.

**CHRISTENSEN INC. and J & S Masonry, Inc., Defendants.**

**Case No. C14–1919–JCC.**

United States District Court,
W.D. Washington,
at Seattle.

Signed Aug. 3, 2015.

Eric J. Neal, Thomas Lether, Lether & Associates, PLLC, Seattle, WA, for Plaintiff.

Paul Mark Rosner, Jennifer P. Dinning, Steven Soha, Soha & Lang PS, Seattle, WA, Dennis J. Perkins, Kirkland, WA, for Defendants.

ORDER DENYING MOTION TO DISMISS DEFENDANT CHRISTENSEN'S IFCA COUNTERCLAIM

JOHN C. COUGHENOUR, District Judge.

This matter comes before the Court on Plaintiff's Motion to Dismiss Defendant Christensen's IFCA Counterclaim (Dkt. No. 19), Defendant's Response (Dkt. No. 24), and Plaintiff's Reply (Dkt. No. 26). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

## I. BACKGROUND

The above-captioned coverage action arises out of an injury suffered by Rickalan Curwood while he was employed by a subcontractor, Defendant J & S Masonry. (Dkt. No. 1 at 2.) J & S Masonry was hired by general contractor, Defendant Christensen, for a construction project in Olympia. (Id.) Curwood brought an underlying lawsuit in King County Superior Court against Christensen based on his injuries. (Id. at 3.) In response to the underlying lawsuit, Christensen tendered defense to J & S and its insurer, Navigators Specialty Insurance Company. (Id.) Navigators agreed to defend Christensen as an "additional insured" under its policy with J & S in the underlying lawsuit subject to a reservation of its rights. (Id.)

This matter is a declaratory action filed by insurer Navigators, seeking this Court's ruling regarding its obligations under the policy it issued to J & S. (See Dkt. No. 1.) Christensen counterclaims, asserting that "Navigators has not paid any of Christensen's past defense costs, and Navigators has not agreed to pay Christensen's defense costs going forward." (Dkt. No. 17 at 4.) Christensen's counterclaims include a claim that Navigators violated the Washington Insurance Fair Conduct Act ("IFCA"), Rev.Code Wash. § 48.30.015. (Dkt. No. 17 at 19.) Navigators moves to dismiss the IFCA counterclaim as a matter of law. (Dkt. No. 19.)

Navigators's motion hinges on one issue: does the IFCA provide a right of action to those whose claims arise out of a third-party insurance policy? As explained below, this issue remains unresolved in this District.

## II. DISCUSSION

### A. Standard of Review

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) is appropriately granted where a plaintiff can prove no set of facts in support of his or her claim warranting relief. *Lewis v. Tel. Employees Credit Union*, 87 F.3d 1537, 1545 (9th Cir.1996). For the complaint to survive a motion to dismiss, the plaintiff must marshal factual allegations sufficient to create a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). In reviewing a motion to dismiss, the Court disregards allegations that amount only to "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. The Court treats the factual allegations of the Plaintiffs as true and views them in the light most favorable to Plaintiffs. *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir.1986).

### B. Application of the IFCA to a Third-Party Insurance Policy

#### 1. Scope of the IFCA

The IFCA creates a private right of action against an insurer that (1) unreasonably denies a claim for coverage or

payment of benefits, or (2) violates one of several enumerated regulations set forth by the Washington State Office of the Insurance Commissioner. Rev.Code Wash. § 48.30.015(1), (5); *Merrill v. Crown Life Ins. Co.*, 22 F.Supp.3d 1137 (E.D.Wash.2014). The IFCA expressly confers this right of action only to "any first-party claimant." Rev.Code Wash. § 48.30.015. Under the statute, a "first-party claimant" is defined as "an individual, corporation, association, partnership, or other legal entity asserting a right to payment as a covered person under an insurance policy or insurance contract arising out of the occurrence of the contingency or loss covered by such a policy or contract." Rev.Code Wash. § 48.30.015(4). The statute does not specify a type of insurance policy to which it solely applies. *See generally* Rev.Code Wash. § 48.30.015. The IFCA is not considered a remedial statute. *Malbco Holdings, LLC v. AMCO Ins. Co.*, 546 F.Supp.2d 1130, 1133 (E.D.Wash.2008).

## 2. "First–Party Claimant" as Distinct From "First–Party Coverage"

A distinct concept from whether a litigant is a first-party claimant, and therefore has standing under the IFCA, is whether she is insured by third-party or first-party insurance coverage. "Third-party coverage indemnifies an insured for covered claims which others (third-party claimants) file against him. By contrast, first-party coverage pays specified benefits directly to the insured when a 'determinable contingency' occurs, allowing an insured to make her own personal claim for payment against her insurer." *Mut. of Enumclaw Ins. Co. v. Dan Paulson Const., Inc.*, 161 Wash.2d 903, 915 n. 8, 169 P.3d 1 (Wash.2007) (internal citations omit-

ted). Automobile liability insurance is an example of third-party insurance coverage, whereas renter's insurance is an example of first-party insurance coverage. *See Cox v. Cont'l Cas. Co.*, 2014 WL 2011238, at *5 (W.D.Wash. May 16, 2014).

Neither party disputes that Christensen asserts insurance protection under a third-party insurance policy (also referred to as a "liability policy"). (Dkt. No. 24 at 4–5.) Rather, at issue here is whether conflicting precedent from this Court mandates dismissal of an IFCA claim brought under a third-party insurance policy.

## 3. Precedent Regarding the IFCA and Third–Party Coverage

The question of the IFCA's applicability in the third-party insurance coverage context has come before the judges of this Court several times, with divergent outcomes.

### a. Decisions Limiting the IFCA's Scope

Four decisions[1] from Chief Judge Marsha J. Pechman have held that the IFCA's definition of "first-party claimant" does not apply to an insured under a third-party contract or policy. *See Cox v. Cont'l Cas. Co.*, 2014 WL 2011238 (W.D.Wash. May 16, 2014), *reconsideration denied*, 2014 WL 2560433 (W.D.Wash. June 6, 2014); *Central Puget Sound Regional Transit Authority v. Lexington Ins. Co.*, 2014 WL 5859321 (W.D.Wash. Nov. 11, 2014); and *King County v. Travelers Indem. Co.*, 2015 WL 1867098 (W.D.Wash. April 23, 2015).

First in *Cox*, Judge Pechman ruled that an insured with third-party coverage is, as a matter of law, not a "first-party claimant" under the IFCA. *Cox*, 2014 WL

---

1. In its total, the Court includes Judge Pechman's June 2, 2014 order on Plaintiffs' mo-    tion for reconsideration.

2011238, at *5. In so ruling, Judge Pechman reasoned that, "it seems like a bad fit to say [the insured] was 'denied a payment of benefits' [because] his third-party insurance policy never entitled him to such a payment in the first place." *Id.* Later, in ruling on a motion for reconsideration of that order, Judge Pechman emphasized that, "the text of the IFCA defines 'first-party claimant' in a narrow way that applies only to first-party insurance." *Cox,* 2014 WL 2560433, at *2 (W.D.Wash. June 6, 2014). This interpretation was based on the statutory language defining a first-party claimant as one asserting a "right to payment . . . arising out of the occurrence of the contingency or loss covered by such a policy or contract." *Id.* (citing Rev.Code Wash. § 48.30.015(4)). As Judge Pechman explained, only a first-party insurance policy confers a "right to payment" that arises out of the occurrence of a contingency or loss; third-party coverage simply indemnifies an insured for covered claims others file against him. *Id.* (citing *Mut. of Enumclaw Ins. Co. v. Dan Paulson Const., Inc.,* 161 Wash.2d 903, 915 n. 8, 169 P.3d 1 (Wash.2007)).

Judge Pechman reinforced the *Cox* rulings in two subsequent cases: *Central Puget Sound Regional Transit Authority v. Lexington Ins. Co.,* 2014 WL 5859321 (W.D.Wash. Nov. 11, 2014) and *King County v. Travelers Indem. Co.,* 2015 WL 1867098 (W.D.Wash. April 23, 2015). In *Lexington,* relying on *Cox,* Judge Pechman ruled that amendment of Plaintiffs' complaint was futile as they could not assert an IFCA claim under a third-party insurance policy. 2014 WL 5859321, at *2–3. Judge Pechman also declined to certify the question of third-party insurance coverage under the IFCA to the Washington Supreme Court. *Id.* at *3 ("This question has been considered, and ruled on, twice by this Court . . . the issue is not unsettled. Absent a new Washington appellate ruling that conflicts with this Court's rulings, certification is inappropriate on these facts."). Finally, in *Travelers,* Judge Pechman granted a motion to dismiss an IFCA claim under a third-party liability insurance policy, calling Plaintiff's efforts to secure a different outcome "a third bite at this apple." 2015 WL 1867098, at *1. The *Travelers* decision overtly declined to consider the legislative history of the IFCA as Judge Pechman did not consider the definition of "first-party claimant" to contain any ambiguity. *Id.*

### b. Decisions Authorizing IFCA Claims in a Third Party Coverage Context

Two other judges from this Court, Judge Richard A. Jones and Judge Robert S. Lasnik, have addressed this issue and ruled that a claimant with third-party coverage *can* still be considered a first-party claimant with standing under the IFCA.

In *City of Bothell v. Berkley Regional Specialty Ins. Co.,* Judge Lasnik ruled, *inter alia,* that an additional insured under a third-party liability policy had established a claim under the IFCA. 2014 WL 5110485, at *10 (W.D.Wash. Oct. 10, 2014). Judge Lasnik provided:

> Regardless of whether the policy provides first-party coverage (*i.e.,* a homeowner's policy which pays the insured when a loss occurs) or third-party coverage (*i.e.,* a liability policy that pays a third-party on behalf of the insured), IFCA provides *anyone who has a right to file a claim under the insurance policy* (otherwise known as a first party claimant) with a cause of action against the insurer for unreasonable coverage denials."

*Id.* (emphasis added).

In an order denying a motion to dismiss in *Cedar Grove Composting, Inc. v. Ironshore Specialty Ins. Co.,* Judge Jones ex-

plicitly declined to follow Judge Pechman's decisions in *Cox* and *Travelers.* 2015 WL 3473465, at *6 (W.D.Wash. June 2, 2015). Judge Jones held that the plaintiff *was* "asserting a right to a payment arising out of an insured contingency—the filing of a covered lawsuit against it," and therefore met the definition of a "first-party claimant" under the IFCA. *Id.* (citing *City of Bothell,* 2014 WL 5110485, at *10). However, Judge Jones continued, "the Court will not preclude revisiting this issue at the time when the parties can focus on the IFCA..."[2] *Id.* The *Cedar Grove* case, as Navigators points out, remains ongoing. (Dkt. No. 26 at 5.)

### 4. The IFCA Contains Ambiguity and its Legislative History Should Be Considered

The judges of this Court have identified at least two plausible readings of the statutory definition of "first-party claimant." The line of rulings issued by Judge Pechman interprets the definition of "first-party claimant," by specifically emphasizing the provision requiring that such a claimant "assert[s] a right to payment," as applying solely to first-party insurance policies. *See* Part II(B)(3)(a), *supra* (summarizing rulings). Alternatively, Judge Jones focused on the statutory text "arising out of the occurrence of the contingency or loss covered by such a policy or contract," and held that the right to receive defense costs—under a third-party insurance policy—constitutes a "contingency or loss covered by such a policy or contract." *Cedar Grove,* 2015 WL 3473465, at *6.

■ The text of the IFCA makes no mention of first-party or third-party insurance policies. *See* Rev.Code Wash. § 48.30.015. This Court considers the pres-

ence of divergent, reasonable interpretations of the definition of a first-party claimant as evidence of ambiguity within the text of the IFCA. So finding, the Court turns to the legislative history and intent of the IFCA. *Harmon v. Dep't of Social and Health Servs.,* 134 Wash.2d 523, 530, 951 P.2d 770 (Wash.1998) (legislative history may be considered when the plain language of the statute permits more than one reading). Under the Washington principles of statutory construction, the Court's "primary duty is to ascertain and give effect to the intent and purpose of the [Washington] Legislature." *Id.* (citing *State v. Hennings,* 129 Wash.2d 512, 522, 919 P.2d 580 (Wash.1996)).

■ The IFCA was enacted "to protect individual policyholders from unfair practices by their insurers." *Trinity Universal Ins. Co. of Kansas v. Ohio Cas. Ins. Co.,* 176 Wash.App. 185, 201, 312 P.3d 976 (Wash.Ct.App.2013) (citing S.B. Rep. on Engrossed Substitute S.B. 5726, at 2, 60th Leg., Reg. Sess. (Wash.2007)). The original text of the statute defined "insured" as "any direct or third-party beneficiary to a policy of insurance issued to any insured." S.B. Rep. on Engrossed Substitute S.B. 5726, at § 2, 60th Leg., Reg Sess. (Wash. 2007). During public hearings on the IFCA, the Washington Office of the Insurance Commissioner ("OIC") raised concerns about the phrase "third-party beneficiary" because the cause of action was not intended to benefit strangers to an insurance contract. Hearing on House Bill 1491, Feb. 1, 2007, *available at* http://www.tvw.org/index.php?option=com_tvwliveplayer&eventID=2007020059 (transcript available at C14–1957–MJP, Dkt. No. 34–3 at 2–4).

In discussions around the issue of including the phrase "third-party beneficia-

---

**2.** The order was more focused on a forum    dispute involving the first-to-file rule.

ry," the distinction was clarified: a "first party" is an insured or an express beneficiary under the contract, whereas a "third-party" is a non-insured person attempting to avail himself of the insured or the insured's carrier. (C14–1957–MJP, Dkt. No. 34–3 at 12–13). Of particular note to the Court is that, in the context of discussing the intended scope of the IFCA's right to sue, legislators used the example of an auto insurance policy; a quintessential example of third-party insurance coverage. (*Id.* at 4, 12–13.) ("If I buy an insurance contract, my kids in the car with me are first-party claimants because they are within the ambit of that contract. If there are other persons in the car with me who are not members of my household, they are actually third-parties. And so the issue of first-party/third-party is in relationship to an underlying insurance contract— are you on it or not?") The concerns expressed in the third-party/first-party discussion are reflected in the statute's ultimate requirement that an IFCA litigant be a "first-party claimant."

The definitions provided by the Washington OIC, which is charged with the administration and enforcement of the IFCA, are also informative here. *See Blaylock v. First American Title Ins. Co.,* 504 F.Supp.2d 1091, 1095 (W.D.Wash.2007) ("The Washington Insurance Code ... authorizes the [Office of the Insurance] Commissioner to enforce the provisions of the Insurance Code ...."). The OIC defines the IFCA as "applicable to all insurers and to all insurance policies and insurance contracts." Wash. Admin. Code § 284–30–310.

■ This Court concludes that the IFCA, as written and as intended, confers a right of action to first-party claimants whether under a first-party or third-party insurance contract. So finding, the legal argument put forth by Navigators in its

motion to dismiss is hereby rejected. Christensen, as an anticipated party to the insurance contract between J & S and Navigators, is a first-party claimant. (*See* Dkt. No. 1 at 4–5; Dkt. No. 17 at 13). Christensen's IFCA counterclaim survives Navigators's motion to dismiss.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to dismiss Defendant Christensen's IFCA Counterclaim (Dkt. No. 19) is DENIED.